### (May 28, 1968)

■ M. EISENBERG & BROS., INC., Appellant, v. BILLEN AIR CONDITIONING, INC., et al., Respondents.— Judgment and order (one paper) unanimously reversed, on the law, with $50 costs and disbursements to appellant, and judgment granted for plaintiff declaring that it is entitled to receive the sum of $6,000 from defendants. On October 7, 1963 K. B. M. Associates, a joint venture composed of one of the defendants and others, contracted in writing with third parties to construct a pavilion at the site of the recent World's Fair in Flushing. Thereafter and on March 2, 1964 plaintiff contracted in writing with this joint venture and other third parties to furnish material and labor for electrical work at the pavilion. Subsequently, defendants filed a petition under chapter XI of the Bankruptcy Act. Plaintiff in that proceeding filed a proof of debt for moneys due pursuant to the described contract and the claim was allowed by a subsequently filed plan of arrangement. Plaintiff has been paid the amount as agreed thereby except for the sum of $6,000. It further appears that some of the joint venturers, who were parties to the October, 1963 contract, had theretofore and on September 9, 1963 contracted in writing with the owner (World-A-Fairs Corp.) to excavate the site and perform certain structural steel work where the pavilion was subsequently erected. A labor and material payment bond in connection with this contract was furnished by a corporate surety (Commerical Insurance). Plaintiff performed work on this contract and following the chapter XI arrangement with defendants received partial payment from a fund deposited in court by Commercial Insurance. There is no merit to the contention of defendants that such payment relieves them from the payment of the balance due plaintiff. The rights of plaintiff sprang from two separate and distinct

written instruments. The fact that two of the joint venturers, who were parties to the October, 1963 contract, were also parties to the earlier (Sept., 1963) contract has no relevancy or materiality in determining the liability of defendants under the plan of arrangement. Concur — Steuer, J. P., Tilzer, Rabin, McNally, Bastow, JJ.

(Republished)